UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

                              Plaintiff,

       v.                                        Case No. 23-cv-677-pp

HEATHER RIEHLE VOGEL
and MARQUELEANA MORIARTRY,

                              Defendants.

**ORDER CONSTRUING PLAINTIFF'S LETTER AS MOTION TO ALTER OR
AMEND JUDGMENT AND DENYING MOTION (DKT. NO. 17) AND DENYING
PLAINTIFF'S MOTION TO REOPEN CASE AND FOR RECONSIDERATION
(DKT. NO. 19)**

       Plaintiff Shondell Killebrew, who previously was incarcerated at the

Wisconsin Resource Center and who is representing himself, filed a complaint

under 42 U.S.C. §1983, alleging that the defendants violated his constitutional

rights. On December 12, 2023, the court screened the complaint, dismissed the

case without prejudice and entered judgment. Dkt. Nos. 15, 16. The plaintiff

filed a letter regarding the dismissal of his case, dkt. no. 17, and a combined

motion to reopen the case and motion for reconsideration, dkt. no. 19. The

plaintiff's filings do not demonstrate that he is entitled to relief under Federal

Rules of Civil Procedure 59(e) or 60(b). The court will deny the plaintiff's

motions.

       On December 20, 2023, the plaintiff filed a letter stating that in his

complaint he was trying to show how the defendants had violated his

constitutional rights by denying him equal protection "because [they]

1

neglect[ed] to obtain the credible evidence that would [have] negate[d] probable cause to pursue a revocation hearing which is also cruel and unusual punishment inflicted because the defendants locked [him] up without credible evidence only alleged allegation from [his] ex and her nephew[.]" Dkt. No. 17 at 2-3. The plaintiff states that "if [he] need[s] to amend [his] complaint to clarify [his] essential facts of [he] should have not even been subjected to a revo. hearing if the defendants would have investigated like their policy and proced[ures] subject them to therefore violating [his] constitutional rights." Id. at 3.

On February 8, 2024, the plaintiff filed a motion to reopen the case and motion for reconsideration. Dkt. No. 19. He contends that the court "mistakenly thinks that [he] was giving rise of a[n] unfair revocation hearing, if [he] would have not waived the hearing out of fear of continuing to have [his] rights secured to [him]." Dkt. No. 19 at 2. He states, however, that that is not what he was implying, but that he can see why his complaint was misconstrued "due to [his] requesting (in [his] relief) that [his] prior maximum discharge date be reinstated." Id. The plaintiff states,

> I was only trying to only show how the defendants [] violated my constitutional rights by denying to any person within its jurisdiction the equal protection of the laws because both defendants neglect[ed] to obtain the credible evidence that would [have] negate[d] probable cause to pursue a revocation hearing which is cruel and unusual then inflicted punishment upon [him] by compelling [him] to involuntary solitude only from alleged allegation from my ex-girlfriend and her nephew.

Id. The plaintiff asks the court to reconsider the dismissal without prejudice and reopen his case "that is/was essential facts that [he] should have not been

2

subjected to a revocation hearing if the defendants would have investigated like their policy and procedures subject them to therefore violating [his] United States constitutional rights." Id. at 4.

The court construes the plaintiff's December 20, 2023 letter as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Fed. R. Civ. P. 59(e) (motion to alter or amend judgment must be filed no later than twenty-eight days after the entry of judgment). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend the judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The court considers the plaintiff's February 8, 2024 motion for reconsideration under Federal Rule of Civil Procedure 60(b). Courts may vacate a judgment under Rule 60(b) for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The court's screening order states in relevant part:

> The plaintiff argues that his revocation was unconstitutional because DCC policy allowed his agent to commence revocation

3

proceedings without conducting a thorough investigation which compelled him to waive his revocation hearing because he feared facing the Administrative Law Judge.[1] He appears to argue that if a thorough investigation had been conducted, the defendants would not have had sufficient evidence to pursue revocation of his supervision. Dkt. No. 1 at 13. The plaintiff challenges the validity of his revocation and seeks reinstatement of his prior maximum discharge date (February 19, 2023).

To the extent the plaintiff requests reinstatement of his maximum discharge date of February 19, 2023, his claim is barred because that relief is available only through petition for a writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 78, 81-82 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (An incarcerated individual in state custody cannot use a §1983 action to challenge "the fact or duration of his confinement.")).

The plaintiff also seeks damages and asks that the court "discard" the DCC's "Hearsay Admissible policy." This court must ask whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, then this court must dismiss his §1983 complaint. That is because §1983 allows people to sue for certain, specific kinds of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485.

The plaintiff has not asked the court to order the revocation hearing that he says he was compelled to waive. He contends that the defendants would not have had sufficient evidence to start revocation proceedings against him if they had conducted a thorough investigation. If the court ruled in the plaintiff's favor, it would effectively deem the commencement of the revocation proceedings unlawful. He is challenging the validity of the revocation of his supervision. A judgment in the plaintiff's favor on his request for damages and declaratory relief necessarily would imply the invalidity of his confinement. Cf. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (incarcerated individuals who challenged state's parole procedures could bring §1983 claims because success in their favor did not mean immediate release from confinement or a shorter stay in prison, rather it meant at most new parole eligibility review).

The plaintiff has two options available to him if he wants to challenge the validity, or legality, of his revocation. First, even though he waived his revocation hearing, the plaintiff may be able

to appeal the revocation and sentence through the state court system. Second, an individual who wants to challenge the "validity of [his] confinement" may do so by filing a petition for a writ of habeas corpus under 28 U.S.C. §2254. <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)).

The court will dismiss the plaintiff's complaint without prejudice. Once he has exhausted applicable state court remedies (such as appeal), the plaintiff can decide whether he wants to file a federal habeas petition under §2254 or a claim for money damages under §1983. If the plaintiff decides to file a federal habeas petition, he will have to demonstrate that he has "exhausted" his remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a guide, "Habeas Corpus: Answers to State Petitioners' Common Questions," along with this order.

> [1]Under Wisconsin law, an individual on probation or parole is entitled to a final revocation hearing within fifty days after being detained, unless the individual has waived his right to that hearing. Wis. Stat. §302.335(2)(b).

Dkt. No. 15 at 7-9.

The plaintiff's letter does not present any newly discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" <u>Oto v. Metro. Life Ins. Co.</u>, 224 F.2d 601, 606 (7th Cir. 2000) (quoting <u>Sedrak v. Callahan</u>, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The plaintiff has not shown that the court's order contains a manifest error of law. As the court explained in the screening order, ruling in the plaintiff's favor that the defendants lacked probable cause to commence revocation proceedings

against him constitutes a challenge to the validity of his supervision; a civil rights lawsuit is not the proper way to challenge the validity of a sentence. The court will deny the plaintiff's motion under Rule 59(e).

Nor has the plaintiff shown that he is entitled to relief under Rule 60(b). He appears to contend that the court misinterpreted his complaint allegations because his request for relief included a request that his prior maximum discharge date be reinstated. The plaintiff's clarification of his allegations shows that, as the court explained in the screening order, ruling in his favor on his claim that the defendants "neglect[ed] to obtain credible evidence that would [have] negated probable cause to pursue a revocation hearing" necessarily would imply the invalidity of his revocation. The court will deny the plaintiff's motion for reconsideration and to reopen the case.

The court **CONSTRUES** the plaintiff's letter of December 20, 2023, as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and **DENIES** the motion. Dkt. No. 17.

The court **DENIES** the plaintiff's motion to reopen case and for reconsideration. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 1st day of March, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6